## No. 18,857.

## Jo Ann Jensen *v.* Paul Jensen.

(351 P. [2d] 387)

Decided April 11, 1960.   Rehearing denied May 9, 1960.

Mr. Lloyd D. Cunningham, Mr. Arthur E. March, Mr. O. Rex Wells, for plaintiff in error.

Mr. Alden T. Hill, Mr. Ralph H. Coyte, for defendant in error.

*In Department.*

Per Curiam.

The parties appear here in the same order they appeared in the trial court. We will so refer to them.

A divorce decree in favor of plaintiff was entered by

the trial court November 5, 1954, which by lapse of time became final under the then law of this state. Custody of the two minor children of the parties, a girl and a boy nine and six years of age, was given to the plaintiff mother, subject to further order of the court. Support money in the sum of $50.00 a month was also ordered. Visitation rights were preserved for defendant, who remarried in March, 1956, to which union a son has been born.

Following the divorce decree several hearings were held upon motions filed with reference to custody and support of the children of the parties. The last hearing was had in early September, 1958, at which the trial court entered the order here complained of. By that order, after finding that there were changes in circumstances since the former order was entered, the court transferred the custody of the son of the parties, Rolland Jensen, then eleven years of age, from the plaintiff to the defendant. Visitation rights in plaintiff were protected. The court also increased the support payments for the daughter, Bonnie Jensen, to $60.00 a month for one year and to $75.00 a month thereafter. At this same hearing, the boy expressed a preference to live with his father, while the daughter, then almost fourteen years, signified a wish to remain with the mother. Both parents were found to be fit and proper persons to have custody of their children, but the court found that it would be to the best interest of the son to be with his father.

Claiming error, the plaintiff urges that there was no substantial change in circumstances of the parties to justify the action of the trial court in transferring the custody of Rolland from her to the defendant.

There is considerable background evidence which we deem it unnecessary to detail here. Suffice it to say that there is sufficient competent testimony of a change in circumstances of the parties since the divorce decree was entered to support the findings and conclu-

sions of the trial judge. We have often ruled that in custody matters the welfare of the child is paramount, and with equal frequency that in making such determination, a wide latitude is allowed to the trial court and that its determination will not be set aside except in clear cases of an abuse of discretion. *Searle v. Searle,* 115 Colo. 266, 172 P. (2d) 837; *Anderson v. Anderson,* 124 Colo. 74, 234 P. (2d) 903; *Harris v. Harris,* 140 Colo. 591, 345 P. (2d) 1061; *Coulter v. Coulter,* 141 Colo. 237, 347 P. (2d) 492. We find no impropriety in the trial court's determination.

█ Plaintiff asserts that the trial judge erred in disallowing fees for her attorneys. We believe that his findings are a sufficient answer to that claim:

·"The defendant has been put to substantial unnecessary expense through the actions of the plaintiff in his endeavors to visit his children and to have their custody during a portion of the summer months; that plaintiff has been ably [represented] in this action by counsel who accompanied her from the State of Washington, as well as by local counsel, and has had the volunteer services of the juvenile officer of Grand County, Washington, in the presentation of her claims herein; that it is fair and equitable under all the circumstances that each party should pay their (sic) own costs and attorneys' fees in this action.

The judgment is affirmed.

Mr. Justice Moore, Mr. Justice Knauss and Mr. Justice Doyle concur.