505 P.2d 37 (1972)
In re the PEOPLE of the State of Colorado, in the Interest of R.K. and S.K., Children.
Upon the Petition of W.B., Petitioner-Appellant, And Concerning
R.C.K. and K.K., Respondents-Appellees.
No. 72-222.
Colorado Court of Appeals, Div. I.
November 14, 1972.
Rehearing Denied December 5, 1972.
*38 Max P. Zall, City Atty., Carl R. Mangino, Robert A. Powell, Asst. City Attys., Denver, for petitioner-appellant.
No appearance for respondents-appellees.
Selected for Official Publication.
ENOCH, Judge.
This action was commenced in the juvenile court in Denver with the filing of a petition alleging that R.K. and S.K. were "dependent or neglected children." Petitioner brings this appeal from a judgment dismissing the petition. The parents R.C.K. and K.K. (Respondents) have not entered an appearance before this court. We affirm.
Petitioner W.B. alleges, among other things, that the minor children R.K. and S.K. had been physically abused by Respondents. An investigation by the Welfare Department was prompted by an anonymous telephone caller who complained that the children were subject to abuse by Respondents. At the hearing there was no direct evidence presented that the parents had ever struck, beaten or otherwise physically abused the children. R.K., approximately eight months old, had sustained a broken arm on or about November 24, 1971, and there was evidence that he was somewhat underweight. S.K., age 15 months, had sustained an ear injury in July 1971, and had suffered a greenstick fracture of the left leg on January 21, 1972.
The parents testified that they did not know how R.K.'s arm had been broken and had no explanation for the incident though it had occurred in the family home. They testified that S.K. received the ear injury when she fell against the window crank of their family car door as the car was turning a corner. The parents did not witness the injury to S.K.'s leg, but the mother testified that she heard a bump in the baby's room and upon investigation determined that S.K. had climbed out of her crib and fallen to the floor. In each instance, it is undisputed that the parents had subsequently obtained adequate medical treatment for the children.
The petitioner's doctor could not say that the injuries were the result of parental abuse but only could infer that there was that possibility. His inference was based more on the number of injuries and the lack of detailed explanation by the parents than on any clinical diagnosis. The medical witness for the parents testified that all of the injuries were consistent with accidental causes, and he could find nothing in the medical records or X-rays which could establish abuse as the cause of the injuries.

I
Petitioner takes the position that since there was undisputed evidence that the children did have injuries and that those injuries were either unexplained or poorly explained as to origin by the parents, the court should have, as a matter of law, found the children to be dependent or neglected.
Petitioner overlooks two important elements of proof. It must be shown that the parents subjected, or allowed another to subject, the child to mistreatment or abuse. 1967 Perm.Supp., C.R.S.1963, 22-1-3(19)(b). Further, it must be shown that the condition resulting from the alleged abuse is not justifiably explained. 1969 Perm.Supp., C.R.S.1963, 22-10-1(4). The petitioner must prove these elements by a preponderance of the evidence. 1971 Perm.Supp., C.R.S.1963, 22-3-6(6)(a).
*39 Petitioner asserts that a prima facie case was presented. There was, however, both medical and lay testimony in support of Respondents' position. The record supports the court's findings and conclusion that Petitioner failed to sustain the burden of proof by a preponderance of the evidence. Such findings will not be disturbed on review unless the evidence is patently insufficient as a matter of law. Johnson v. People, 170 Colo. 137, 459 P.2d 579.

II
Petitioner alleges that the court erred in failing to find that child R.K. was suffering from a condition identified as marasmus or "failure to thrive." The court made no specific finding as to this condition.
The evidence introduced in support of this claim which was objected to by Respondents was to the effect that R.K. was underweight. This evidence was presented by Petitioner's doctor who had never examined the child R.K., and the doctor was testifying from medical records which were made by another doctor when the child was six weeks old. R.K. was eight months old at the time of the hearing. When the doctor was asked on cross-examination if R.K. was not a normal healthy baby, his response was, "Evidently someone had concern he was not growing appropriately and I would have to know what his weight would be now." Such evidence, even if admissible, falls short of proof of "failure to thrive," and there is no evidence that the inadequate weight gain was the result of any neglect or abuse by the parents. This issue was adequately disposed of by the court's conclusion that Petitioner failed in the burden of proof to sustain the allegations of the petition. See Daugaard v. People, Colo., 488 P.2d 1101.
We have considered the other alleged errors and find them to be without merit.
Judgment affirmed.
COYTE and DWYER, JJ., concur.