533 P.2d 13 (1975)
In the Matter of P. N. et al.
No. 2191.
Supreme Court of Alaska.
March 17, 1975.
As Amended May 14, 1975.
*15 H.N., appellant, in pro per.
Norman C. Gorsuch, Atty. Gen., Juneau, Edith A. Glennon, Asst. Atty. Gen., Anchorage, for appellee.
Before RABINOWITZ, C.J., CONNOR, BOOCHEVER and FITZGERALD, JJ., and DIMOND, J. Pro Tem.

OPINION
DIMOND, Justice Pro Tem.
It is a sad and tragic thing when a father sexually molests his ten year old daughter. But that is what happened here. Appellant, the father of the children whose custody is the subject of this appeal,[1] made a written statement to the police, and subsequently admitted in testimony in a children's proceeding before the superior court, that over a period of three years he had on repeated occasions engaged in explicit sexual acts  short only of actual intercourse  with his pre-pubescent daughter.
In light of the evidence before the superior court it is no wonder that the judge committed the child to the Department of Health and Social Services upon a finding that she was dependent due to the conduct of her father, and that appellant was not a fit and proper person to have custody of the child.[2] To have left the child in appellant's custody would undoubtedly *16 have only increased the grave psychological harm  perhaps incalculable  that she had already suffered. We can find no substantive fault with the court's determination in this respect.
There were also three other children involved with respect to whom the judge made the same disposition, committing them to the care of the Department of Health and Social Services. They were three boys, ages 4, 6 and 7. But there was no evidence that appellant had molested them as he had his daughter. The judge felt, however, that appellant was an unfit parent as to them as well, apparently because appellant kept lewd and lascivious pictures in magazines available in the home, had taken lewd and lascivious pictures of the boys, and had "demonstrated" to them a mechanical vibrator referred to by the court as a dildo.
These findings are highly questionable. Appellant admitted that he showed the boys the vibrator, but that he only told them it was for a massage, without mentioning upon what parts of the body the instrument might be used. Appellant also admitted that he had copies of Playboy and "other modern magazines" in the house, and that they were available to the children to look at. Such magazines and pictures, however, are not part of the record on appeal. Moreover, the "lewd and lascivious" pictures appellant was supposed to have taken were neither described nor placed in evidence. In fact, near the close of appellant's testimony, the state's attorney admitted to the court: "Well, we have nothing in regarding the boys, other than that it would be what the state would consider a bad atmosphere for any children in that sort of a setup." The court's response to this was "he's willing that the state take them into custody." The record in fact reflects only that appellant was willing to allow the state to have custody of the children temporarily until a further determination could be made.
Despite our reservations about the evidentiary support for several of the trial court's findings, we hesitate to say the judge was clearly wrong in finding the boys dependent and that appellant was not a fit and proper person to have custody of them. It is true that there was no direct evidence that appellant had ever involved the boys in any of his sexual activities, or that the boys even had any knowledge of his sexual molestation of their sister. But there is support for the finding of dependency in that the appellant's treatment of the girl could be considered to have evidenced such a serious disregard of parental responsibilities and lack of social and moral values on appellant's part as to pose a substantial risk to the physical and emotional well-being of the boys as well as the girl.
This matter was instituted in the superior court by a petition filed by a case worker of the Department of Health and Social Services under the authority of Chapter 10, Title 47 of the Alaska Statutes which deals with the handling of children who are delinquent, in need of supervision, or dependent. The petition specifically stated, in the words of AS 47.10.010(a)(5), that appellant's children were dependent because they lacked "proper parental care by reason of the faults, habit or neglect" of the childrens' parent. Once the petition was filed it was incumbent upon the court, under Children's Rule 10,[3] to order a hearing *17 by issuance of a summons. This rule specifically provides that the summons be directed not only to the parents but also to the children. In addition, Children's Rule 12(c) requires the presence of the children at the hearing.[4]
These rules were not complied with. None of appellant's children were served with a summons; their presence at the hearing was not required; they were not in fact at the hearing.
Appellee contends the violation of this rule is harmless error. The argument appellee makes is that this was not a delinquency hearing where the child is an alleged wrongdoer who should therefore be entitled to the due process requirements of being given notice and the opportunity to be heard. Rather, appellee argues, this was a dependency hearing where only the parent's alleged wrongdoing was at issue, and since he was served with a summons and given the opportunity to be heard, that was all that was required. Serving the children and requiring their presence, appellee contends, would serve no useful purpose and would be of little benefit in the dependency hearing.
We disagree. At a dependency hearing the question of severing the parent-child relationship is involved. Obviously the child has a vital interest in such a proceeding and is an essential party whose presence cannot be dispensed with arbitrarily.[5] In R.L.R. v. State,[6] which involved a child alleged to be delinquent, we held that Children's Rule 10 required that the summons and a copy of the petition be served on the child in addition to the parents, and that a failure to make such service resulted in a lack of jurisdiction over the child. We extend that holding to a dependency hearing such as we have here. Since appellant's children were not given the required notice of the hearing the court had no jurisdiction over the children and therefore could not validly issue a judgment depriving appellant of their custody.
It is essential, however, to take into consideration the ages of the children involved in a dependency proceeding. Appellant's daughter was ten years of age, and the three boys were 4, 6 and 7. Service of the summons on children of such tender ages is bound to have little meaning. In these circumstances, upon the initiation of the proceeding whereupon the court obtains jurisdiction over the subject matter, an attorney may be appointed to *18 act in the dual role of guardian ad litem and counsel for the children, and the summons should be served on him.[6A]
We appreciate the fact that under Children's Rules 14(a) and 11(a) the court has discretion in appointing counsel and a guardian ad litem.[7] But in circumstances such as we have here where the children are so immature, such appointment is essential in order that the needs and interests of the children be adequately represented. When a child is old enough to understand the nature of the proceedings and the judge's advice as to the right to counsel under Children's Rule 14(a), then service on the child himself may be sufficient and it may be unnecessary to appoint a guardian an ad litem.
In addition to the question of jurisdiction, service on the children is desirable as a matter of policy. If an attorney as guardian ad litem and counsel had been appointed to represent the interest of the children in this case, it is more likely than not that the individual needs and interests of the children would be adequately represented at the hearing for purposes of insuring a constructive disposition of their custody when committed to the Department.
Unfortunately, we are unable to tell from the present state of the record what actually happened to the children  whether the Department placed them together or separately in a foster home or homes, whether one or more of them was placed in an institution, or whether some other permanent or temporary disposition was made of them by the Department. This state of affairs is due at least in part to the fact that in its order the court simply committed all four children to the Department of Health and Social Services for an indeterminate period not to exceed the date the children became 19 years of age. In so doing, the court failed to comply with Children's Rule 22(f) which specifically requires that it state the terms and conditions of such placement in addition to the duration.[8] We are of the opinion that this error alone would provide sufficient grounds for a remand.
The final point on this appeal has to do with the constitutional privilege against self-incrimination. Article 1, section 9 of the Alaska Constitution provides in part that:
No person shall be compelled in any criminal proceeding to be a witness against himself.[9]
In recognition of this privilege, Children's Rule 12(e)(3) provides that:
The court shall explain the privilege against self-incrimination as it applies to the child, his parents, guardian, or custodian.
The court failed to follow this rule  it neither explained nor even made mention of this privilege as it applied to appellant's potential criminal liability for his sexual activities with his daughter.[10]
*19 That appellant's admissions constituted self-incrimination is evident. He admitted to acts which could subject him to prosecution for the crime of committing lewd and lascivious acts toward a child.[11] Moreover, no waiver of the privilege may be inferred from the mere fact that appellant gave this incriminating testimony. A waiver may be found only in an intentional relinquishment of a known right or privilege;[12] there is nothing in the record to show that this occurred here. Instead appellant testified and made the admissions (which apparently constitute at least a substantial portion of the evidentiary basis for the court's decision) only after the court had assured him that it would keep confidential anything appellant had to say and would not permit such testimony to be used against him in any other proceedings. These assurances were made  after the court went off the record  apparently in an effort to induce appellant's testimony and cooperation with the court.[13] There is no indication whatsoever that appellant was ever in fact made aware of his right to claim his privilege against self-incrimination.
Appellee contends that though the court may have erred in disregarding the clear mandate of Children's Rule 12(e)(3), such error was harmless in light of the assurances made to appellant that the court would prevent the use of his testimony in any other proceedings. This attempted grant of what might be termed judicial testimonial immunity, appellee urges, is authorized by AS 47.10.090(a) which provides for the confidentiality of records of juvenile proceedings.[14]
We cannot say with certainty, however, that this statute would be construed to forbid the use, in a subsequent criminal action against a parent, of testimony that the parent gave at a children's proceeding. Reading this statute together with other sections of the laws relating to children's proceedings leads one to believe that AS 47.10.090(a) was enacted principally for the purpose of protecting the child against the possible adverse effects an unauthorized revelation of his social record would have. *20 There is no indication that it was ever intended to authorize the granting of testimonial use immunity to parents.
In addition, this Court has already expressed some concern as to the proper limits on the policies of anonymity and confidentiality reflected in our statutes and rules governing children's proceedings. As Chief Justice Rabinowitz observed in R.L.R. v. State:
These social policy considerations [dictating anonymity in children's proceedings] are based on empirical propositions which may be false and have not been tested.[15]
Later, in Davis v. State,[16] the Chief Justice, in a dissenting opinion recognizing this limitation, expressed the view that in a criminal proceeding the accused's fundamental right to confront adverse witnesses against him outweighed the state's asserted interest in protecting a juvenile against disclosure of his prior adjudication of delinquency. This dissenting view was subsequently upheld by the Supreme Court of the United States which reversed the contrary holding of the majority of the Alaska Supreme Court.[17]
Since we are unable to discover any other statutory authority for the grant of testimonial immunity here attempted by the court, we are not persuaded that such grant was proper or valid. Consequently, we cannot say that the use of such a device by the court was of itself enough to render the error harmless. The court erred in failing to advise appellant of his privilege against self-incrimination pursuant to Children's Rule 12(e)(3). Upon remand the court shall comply with that rule.
The judgment is reversed and the case remanded for further proceedings not inconsistent with the views expressed in this opinion. On remand, the court is directed (a) to appoint an attorney as guardian ad litem and counsel for the minor children, (b) to summons all of the children to the hearing pursuant to Children's Rule 10, (c) to advise the parties of their privilege against self-incrimination pursuant to Children's Rule 12(e)(3), (d) to comply with Children's Rule 22(f) regarding the requisite statement of the terms, conditions and duration of placement of the children, and (e) to otherwise comply with the requirements of applicable Children's Rules.
Reversed and remanded.
ERWIN, J., not participating.
NOTES
[1] The record indicates that appellant is the natural father of H.N., W.N., and C.N., the three minor boys, but is the adoptive father of P.N., the minor girl.
[2] Appellant's wife and mother of the child had been summoned and was represented by counsel at the hearing. She and appellant were not divorced but had been separated for a number of years. The record reflects only that she apparently had no objection to the state taking custody of the children, at least on a "short term" basis.
[3] Children's Rule 10 provides in pertinent part:

Summons  Subpoena
(a) Issuance of Summons and Order for Hearing. Upon the filing of a petition for adjudication, the court shall order a hearing by the issuance of a summons.
(b) Contents of the Summons. The summons shall require the person to whom it is directed to appear for hearing at a time and place specified by the court therein. It shall contain a statement that the child, as well as his parents, guardian, or custodian, have the right to be represented by counsel. A copy of the petition shall be attached to and be incorporated by reference in the summons. In cases where the proceedings could result in the termination of parental rights and the child might be committed to the Department of Health and Welfare for adoption, such possibilities shall be stated. If, after service of summons, it shall appear to the court at any stage of the proceedings that termination of parental rights, not previously considered a possibility and so stated in the summons, may become a possibility, the court shall order an appropriate amendment of the petition and re-summon the appropriate party or parties.
(c) Persons to Whom Directed. The summons shall be directed to the following persons:
(1) The child.
(2) The parents or guardian of the child.
(3) Any actual custodian of the child.
(4) A guardian ad litem, where one has been appointed under these rules.
[4] Children's Rule 12(c) provides in part:

The presence of the following parties is required at the child hearing:
(1) The child.
[5] We note that Children's Rule 12(d)(3) provides in part:

Limitations on Court's Power to Exclude Parties. No party to the hearing shall be excluded from the court during the hearing, except that the court, in the exercise of its discretion and having due regard to the psychological effect of such testimony upon the child, may exclude the child during testimony regarding a parent, guardian, or custodian, or exclude the parent, guardian, or custodian during testimony regarding the child if in the court's opinion the psychological effect of such testimony would be such as to do material harm to the welfare of the child or others... .
We do not construe Rule 12(d)(3) to allow the court to disregard the mandates of Rules 10(c) or 12(c) ab initio. The limited discretionary power to exclude parties from the hearing or portions thereof may be properly exercised only after such parties have been properly brought before the court.
[6] 487 P.2d 27, 40 (Alaska 1971).
[6A] In those areas of the state where attorneys are not readily available and appointment of counsel is not essential or in those circumstances where a suitable guardian ad litem is available to protect the interests of the children there is no requirement that an attorney at law be appointed.
[7] We note that under Children's Rule 14(a) the court is instructed to advise a child, as well as his parents of his right to be represented by counsel at children's proceedings.

In addition, Children's Rule 11(a) provides in part:
Appointment of Guardian Ad Litem. A guardian ad litem shall be a appointed where, in the opinion of the court, the welfare of the child so requires....
[8] Children's Rule 22(f) provides:

Terms, Conditions, Duration of Placement. Every order of the court placing the physical custody of the child in any person or agency other than his parent, guardian, or custodian shall specifically state the terms, conditions, and duration of such placement.
[9] See also that part of the fifth amendment to the Federal Constitution which provides that no person shall "be compelled in any criminal case to be a witness against himself."
[10] We note that Civil Rule 43(h)(6) provides a clear explanation of the privilege as it applies to civil proceedings:

Every natural person has a privilege which he may claim, to refuse to disclose in an action any matter that will incriminate him, except that if the privilege is claimed, the matter shall be disclosed if the court finds that the matter will not incriminate the witness. A matter will incriminate a person within the meaning of this subdivision if it constitutes, or forms an essential part of, or taken in connection with other matters disclosed, is a basis for a reasonable inference of such a violation of the laws of this state as to subject him to liability to punishment therefor, unless he has become for any reason permanently immune from punishment for such violation.
[11] AS 11.15.134 provides in part:

Lewd or lascivious acts toward children.
(a) A person who commits a lewed or lascivious act, including an act constituting another crime, upon or with the body of a child under 16 years of age, intending to arouse, appeal to, or gratify his lust, passions, or sexual desires, or the lust, passions, or sexual desires of the child is punishable by imprisonment for not more than 10 years nor less than one year.
[12] Glasgow v. State, 469 P.2d 682, 686-87 (Alaska 1970); Miranda v. Arizona, 384 U.S. 436, 475, 86 S.Ct. 1602, 16 L.Ed.2d 694, 724 (1966).
[13] We would comment at this point that we strongly disapprove of the court going "off the record" as was done in this case. If an appellate court does not have a complete record of what took place in the superior court it makes it difficult, and sometimes impossible, for the appellate court to exercise to its fullest extent its power and duty to review the actions of the superior court. Such problems are particularly manifest under the circumstances of this case.
[14] AS 47.10.090(a) provides in part:

Records. (a) The court shall make and keep records of all cases brought before it. The court's official records may be inspected only with the court's permission and only by persons having a legitimate interest in them. All information and social records pertaining to a minor and prepared in the discharge of his official duty by an employee of the court or by a federal, state or city agency are privileged and may not be disclosed directly or indirectly to anyone without the court's permission. However, a state or city law enforcement agency shall disclose information regarding a case which is needed by the person or agency charged with making a preliminary investigation for the information of the court... .
[15] 487 P.2d 27, 37 (Alaska 1971) (footnote omitted). The court then went on to decide that the parallel provisions in AS 47.10.070 and Children's Rule 12(d)(2) which provided for the exclusion of the public from children's hearings must be so limited as to comport with a child's constitutional right to a public trial. The question of the proper scope of AS 47.10.090, however, was neither raised nor considered by the court. 487 P.2d at 38.
[16] 499 P.2d 1025, 1039 (Alaska 1972).
[17] Davis v. State, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974).