557 P.2d 1225 (1976)
The PEOPLE of the State of Colorado in the Interest of C. R. et al., Petitioners-Appellees,
and concerning E. L., Mother, Respondent-Appellant, and
M. L., Father, Respondent.
No. 76-058.
Colorado Court of Appeals, Div. I.
September 16, 1976.
Rehearing Denied October 21, 1976.
Certiorari Denied December 27, 1976.
*1226 Harlan Johnson, Anthony J. DiCola, Lamar, for petitioners-appellees.
Tom O'Neill, Randall J. Kries, La Junta, for respondent-appellant.
Selected for Official Publication.
PIERCE, Judge.
This is an appeal by the mother (E.L.) of four daughters (C.R., F.J.L., M.A.L., and C.B.L.) from a decree terminating her parental rights. In early 1975, E.L.'s daughters, ranging in age from four months to six years, were removed from her custody by the county department of social services. The reason for removal was the allegation that she had abused them or had permitted their mistreatment by another person. The children were subsequently adjudicated to be neglected or dependent, the three younger girls due to child abuse, and the eldest on a finding that E.L. was incompetent to provide her *1227 with reasonable care. See § 19-1-103(20) (a) & (b), C.R.S.1973. At the later dispositional hearing, the trial court entered an order terminating E.L.'s parental rights as to all four girls.
E.L. challenges both the order of termination and the earlier adjudication of dependency. We affirm.

I. THE DEPENDENCY DETERMINATION
We do not agree with E.L.'s contention that the trial court erred in adjudicating her daughters to be neglected or dependent. Extensive evidence established that a man cohabitating with E.L. had inflicted multiple injuries upon the three younger children over an extended period of time. Some testimony supported E.L.'s claim that she had sought to prevent their mistreatment, but that evidence also indicated that those efforts had been sporadic and unavailing. It was also shown that E.L. did not seek medical or other assistance for her children following the infliction of injuries. Under these circumstances, the trial court's finding that the three younger children were neglected or dependent, due to the failure of E.L. to prevent their mistreatment, must be affirmed. See § 19-3-106(6)(a), C.R.S. 1973; People in the Interest of R.K. and S.K., 31 Colo.App. 459, 505 P.2d 37 (1972).
In support of her argument that there was error in adjudicating the oldest daughter, C.R., to be neglected or dependent, E. L. emphasizes the absence of evidence of physical injury to that child. As to the finding regarding her incompetency as a parent, she asserts error occurred because the dependency petition only alleged mistreatment, not incompetency. These arguments are not well taken.
Although physical injury to C.R. was not shown, it was proper for the trial court to consider treatment accorded the other children in reaching a conclusion regarding the non-abused daughter. See In re Dunagan, 74 Wash.2d 807, 447 P.2d 87 (1968). The trial court could reasonably infer that the non-abused child lacked proper parental care from the evidence establishing mistreatment of the others. In the Matter of P.N., 533 P.2d 13 (Alaska 1975); In re Miller, 40 Wash.2d 319, 242 P.2d 1016 (1952). Furthermore, although E.L.'s incompetency as a parent was not alleged in the petition, the trial court did not act improperly in adjudicating C.R. neglected or dependent on that basis. During the adjudicatory hearing, considerable evidence raising the issue of E.L.'s competence was received without objection, putting into question her ability to provide proper parental care for her daughters. Thus, the issue was properly raised. See C.R.J.P. 1; C.R.C.P. 15(b).
E.L. acknowledges the existence of evidence of her incompetence. She contends, however, that the trial court's finding in this regard was erroneous. This contention is not supported by the record. At the time of the adjudicatory hearing, the trial court was aware of E.L.'s limited mental capacity, and had heard evidence demonstrating her inability to perceive or cope with the injuries inflicted upon her children. Under these circumstances, the trial court properly found all four children to be neglected or dependent.

II. TERMINATION OF PARENTAL RIGHTS
E.L. also contends that the trial court erred in terminating her parental rights following the consequent dispositional hearing. She argues that the trial court failed to consider realistic alternatives to termination which were shown to exist by the evidence, and that the trial court's findings in support of termination do not comply with those outlined by the Colorado Supreme Court in People in the Interest of M.M., 184 Colo. 298, 520 P.2d 128 (1974). We do not agree.
In decreeing termination of parental rights, a trial court must find that the conditions which resulted in the earlier determination *1228 of dependency will in all probability continue into the future, and that under no reasonable circumstances would the welfare of the children be served by a continuation of the parent-child relationship. People in the Interest of M.B. and M.B., Colo., 535 P.2d 192 (1975); People in the Interest of M.M., supra. See also People in the Interest of K.S. and M.S., 33 Colo.App. 72, 515 P.2d 130 (1973). In addition, in seeking to achieve the course of action which is in the best interests of the children, the trial court must give due regard to the past history of parental custody, and must also explore alternatives to termination which might result in successful continuation of the parent-child relationship. People in the Interest of M.M., supra; People in the Interest of K.S. and M.S., supra.
E.L. contends that the trial court failed to consider several such alternative remedies which she claims were established by the evidence at the dispositional hearing. Each of the proposed alternatives involved placing E.L. and the children under professional or lay supervision while she underwent training to increase her mental capability. However, the court had before it testimony indicating that it was unlikely that any amount of training would, within a reasonable period, appreciably enhance E.L.'s mental abilities. Thus, the trial court's negative finding on that issue, which was amply supported by the evidence, satisfactorily eliminated the suggested alternatives to termination.
The failure of the trial court to phrase its findings in the language of previous decisions is not determinative, so long as the findings entered addressed the probable continuance of the existing deleterious conditions and the absence of reasonable alternatives to termination. People in the Interest of C.O., 36 Colo.App. 298, 541 P.2d 330 (1975). The trial court had before it substantial evidence that E.L.'s past and projected domestic conduct, coupled with her limited intelligence, would in all likelihood continue to place her daughters in a position of substantial potential harm. Under these circumstances, the findings entered were sufficient to support an order of termination. People in the Interest of K.S. and M.S., supra.
Because the evidence justified the trial court's conclusion that improvement of E. L.'s retardation did not represent a realistic alternative to termination, we do not reach her contention that she has a substantive constitutional and statutory right to receive such remedial training at public expense. See In re Susan Lynn M., 53 Cal.App.3d 300, 125 Cal.Rptr. 707 (1975).
Orders affirmed.
COYTE and RULAND, JJ., concur.