572 P.2d 849 (1977)
In re the MARRIAGE OF Carol J. PETERSON, Appellant, and
R. Eric Peterson, Appellee.
No. 76-590.
Colorado Court of Appeals, Div. III.
September 29, 1977.
Rehearing Denied October 20, 1977.
Certiorari Denied December 27, 1977.
*850 Jonathan C. S. Cox, P.C., Jonathan C. S. Cox, Valerie G. Brown, Denver, for appellant.
Mason, Reuler & Peek, P.C., William M. Peek, Denver, for appellee.
VanCISE, Judge.
The parties' marriage was dissolved November 12, 1974. Incorporated in the decree was their April 30 separation agreement. The wife appeals certain orders of the trial court entered in 1976 on matters that arose subsequent to the dissolution. We affirm in part and reverse in part.

I.
From January 17 through September 1975, in the hope of effecting a reconciliation, the parties and their three children lived together in the residence which had been awarded to the wife. During each month of that period, the husband paid the wife $625 (the $300 for child support and $325 for maintenance prescribed in the agreement and order before adjustments in maintenance for additional income of the husband), plus an additional $100 per month in March, April, May, and June, and an additional $375 (to a total of $1,000) during July, August, and September. Also during this period, the husband paid other family expenses as they arose, such as private school tuition, house taxes, food, liquor, etc. Maintenance as such was not discussed by the parties during this time. They attempted to live together with their children as a family unit and to share expenses within the budget prepared by the wife.
The husband moved out at the end of September, and made cash payments to her thereafter. The wife claimed that she was entitled to more than she had been paid for 1975 and, accordingly, asked for judgment for arrearages and for her attorney fees. The court ruled that the obligation to make maintenance payments abated during the period the parties and their children were living together. It found and ordered the husband to pay a $195.54 arrearage in maintenance payments for the last three months of 1975. It also ordered the husband to pay $250 to the wife's attorneys for their services in the hearing. The order was later supplemented to add a requirement that the husband reimburse the wife for $294.50 previously paid by her to her *851 attorneys incident to the earlier dissolution proceedings.
The wife contends on appeal that the court erred in abating the husband's obligation to pay maintenance pursuant to the decree during the time the parties lived together. We do not agree.
There are no Colorado cases covering this specific issue. However, under the circumstances of this case, where the parties made a good faith although unsuccessful attempt at reconciliation and where the husband supported the family during this time, we agree with the trial court that the support paid and contributed by the husband constituted payment of the installments accruing during the period they were living together. This conforms to the public policy in the state "to promote and foster the marriage relationship and reconciliation of estranged spouses." Section 14-12-101, C.R.S.1973.
We agree with the wife that, for the final three months of 1975 when the parties were no longer living together, the court incorrectly computed the amount of additional maintenance due her under the formula set forth in the decree. Based on the court's fact findings, which are supported by the evidence, the monthly computations should have been:

 Husband's after tax income in
 each of the last three months
 (exclusive of bonus) ........................... $2,106.52
 Less purchase of stock in his professional
 corporation (allowable
 amount) ........................................ $ 120.00
 __________
 $1,986.52
 Less base net monthly income .............................. 1,246.00
 _________
 $ 740.52
 Plus 1/12 of his $6,954.04 bonus
 in 1975 ................................................... 579.50
 _________
 Total of husband's increase in
 net take home income over base ............................ $1,320.02
 =========
 Times 30% ............................................. 396.01
 Less 1/12 of 50% of the wife's
 $474.66 1975 earned income ................................ 19.78
 _________
 Maintenance payable in addition
 to the $325 paid out of the base
 income .................................................... 376.23
 Less amount paid in each of the
 last three months in excess of
 the $325 base figure for maintenance ...................... 255.00
 _________
 Balance due the wife from the
 husband for each month .................................... $ 121.23
 =========
 Total owing to the wife for the
 year 1975 (3 × 121.23) .............................. $ 363.69
 ==========
 The judgment for $195.54 should be increased to
 $363.69.

II.
During the period when the motions pertaining to maintenance and attorney fees were filed, heard, and ruled upon, problems arose concerning communication between the parties and visitation by the husband with the children. The wife obtained an order restraining the husband from entering her place of residence and restraining each party from repetitious contact with the other. The court specified that more than one phone call a week to discuss the welfare of the children or visitation would be repetitious contact.
Thereafter, on a showing that the wife had used the order to cut off communication between the husband and the children, the court granted the husband's motion to clarify. It held that there was nothing in the order that prevented him from having direct communication by telephone with the children at the residence of the wife, and that the order was not intended to interfere in any way with lines of communication between father and children.
Later, the husband moved for attorney's fees incident to the filing and hearing of the motion to clarify. Having determined that the wife had financial resources, that she had no right to cut off the phone calls from the husband to the children, and that it should not have been necessary to have had a proceeding on such a motion, the court granted the motion and ordered the wife to pay his $180 attorney fees.
The wife claims error in the award of attorney fees to the husband because there was no testimony as to her current financial ability to pay such fees, whereas there was evidence showing that he had a sizeable income and was able to pay them.
Section 14-10-119, C.R.S.1973, provides that:
"The court from time to time, after considering the financial resources of both *852 parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this article and for attorney's fees, including sums for legal services rendered and costs incurred . . after entry of judgment."
Since the same judge had heard various aspects of this case over a period of several months and was thoroughly familiar with the file and with the financial resources of the parties, it was not necessary that evidence be presented as to the current situation unless there was a claim of change of circumstances. The court indicated it had considered these resources, and, having "the conviction that she does have resources," it directed the $180 to be paid out of an escrow fund being held by the wife's attorney.
The allowance of attorney fees is within the sound discretion of the trial court and unless that discretion has been abused, the allowance will not be disturbed. Krall v. Krall, 31 Colo.App. 538, 504 P.2d 681. Here, the wife initiated the circumstances making attorney fees necessary, and the husband was the prevailing party, in a matter which, in the words of the court, "should not have been had." Hence, there was no abuse of discretion, and the award was proper. Parker v. Parker, 142 Colo. 416, 350 P.2d 1067; see Jensen v. Jensen, 142 Colo. 420, 351 P.2d 387.

III.
On the husband's motion, the court ordered the wife to return to the husband, among other things, a teakwood desk with chrome molding and a chrome desk lamp. The wife objects to this order and contends that the court modified the terms of the agreement and decree pertaining to division of property, which cannot be done absent fraud or mutual mistake. The husband counters that the property in question was not covered by the agreement.
The provision of the agreement pertaining to furniture is that:
"The wife shall keep as her own all furniture and furnishings . . . in the house, and the husband shall keep all personal books, records, clothing, camping equipment, stereo components, and other personal effects belonging to him . . ."
The propriety of the order depends on whether the desk and lamp were in the family home at the time the separation agreement was executed. Both parties testified that the desk and lamp were purchased by the husband during a period of separation and, according to the wife, prior to the divorce. However, the agreement was executed more than six months before the divorce. Although the evidence was conflicting, there is testimony in the record that they agreed these items were the husband's, that he had them with him when the parties were living apart, and that on the occasion of the last separation she asked him to leave them in the house until he had a place where he could use them. Supported by this evidence, the order was proper.

IV.
The wife claims that the court erred in admitting into evidence a financial summary and memorandum prepared by her because it was an offer of settlement or compromise. However, since this was a trial to the court, even if this exhibit was inadmissible, there is no basis for reversal, Rosenthal v. Whitehead, 171 Colo. 347, 467 P.2d 831, it being presumed that all incompetent testimony was disregarded by the trial court in reaching its conclusions. Bill Dreiling Motor Co. v. Travelers Indemnity Co., 29 Colo.App. 163, 482 P.2d 999. Here, also, anything in the nature of an offer of compromise or settlement was completely immaterial to any issues being litigated, so there was no prejudice to the wife in the admission of the exhibit.

V.
The husband refers in his brief to his cross-appeal of the trial court's award of the sum of $294.50 in attorney's fees to the *853 appellant pursuant to the reconciliation provision of the separation agreement. However, we find no record of a notice of cross-appeal being filed by the husband, and therefore cannot consider this issue on appeal. C.A.R. 3(a); see City of Delta v. Thompson, Colo.App., 548 P.2d 1292.
The judgments appealed by the wife are affirmed except for the $195.54 judgment for additional maintenance due the wife for 1975. That judgment is reversed and the cause is remanded with directions to enter a new judgment for $363.69 with interest from January 1, 1976.
PIERCE and RULAND, JJ., concur.