The PEOPLE of the State of Colorado in the Interest of D. L. R., a Child, Upon the Petition of O. R., Petitioner–Appellee,

And Concerning L. A. R. and C. J., Respondents–Appellants.

No. 78–826.

Colorado Court of Appeals, Div. II.

May 29, 1980.

Rehearing Denied July 3, 1980.

Certiorari Granted Oct. 20, 1980.

Lee J. Shapiro, Littleton, guardian ad litem for D.L.R.

Max P. Zall, City Atty., Clarence O. Bakken, Ted L. Aragon, Asst. City Attys., Denver, for petitioner–appellee.

Frederick P. Charleston, Gina B. Weitzenkorn, Denver, for respondents–appellants.

ENOCH, Chief Judge.

Respondents bring this appeal from a judgment based on a jury verdict that their 7–month–old child, D.L.R., was dependent and neglected. A dispositional hearing subsequently was held. We reverse.

On the date of the child's birth, November 9, 1977, the Director of the Department of Social Services in Denver filed a petition alleging dependency and neglect under § 19–1–103(20)(b), (c) and (e), C.R.S.1973. Within a few days the Department was

given temporary custody of D.L.R. Thus, respondents have never had physical custody of the child.

The statutory provisions relied on by petitioner require proof that the child was one:

"(b) Who lacks proper care through the actions or omissions of the parent, guardian, or legal custodian;

"(c) Whose environment is injurious to his welfare;

"(e) Who is homeless, without proper care, or not domiciled with his parent, guardian or legal custodian through no fault of his parent, guardian or legal custodian." § 19–1–103(20), C.R.S.1973.

■ And, the petitioner was required to prove its case by a preponderance of the evidence. *People in the Interest of R.K.*, 31 Colo.App. 459, 505 P.2d 37 (1972).

■ Generally, a judgment based on conflicting evidence, as in this case, will not be reversed unless the evidence was insufficient as a matter of law. *People in the Interest of T.H.*, Colo., 593 P.2d 346 (1979). However, the evidence presented here does not prove dependency and neglect under the provisions relied on. Therefore, as a matter of law, the judgment cannot stand.

■ Because the parents never had custody of, or responsibility for the care of the child, there was and could be no evidence that the child lacked proper care as a result of the acts or omissions of the parents. Nor was there evidence that the child, through no fault of the parents, was homeless or without proper care during those few days in the hospital at the time of birth. Likewise there was no evidence that the *child's* environment was injurious to his welfare.

Furthermore, even if we consider whether placing the child in the *parental* environment would be injurious to the child's welfare, there is still a failure of proof in this case. There was no evidence of a reasonable expectation of probable harm if the child were left in the care of its parents. Even if left in the care of L.A.R. alone, the evidence presented by the Department tended to prove, at most, that the child would grow up in a home environment that lacks affection or empathy.

■ Absent a showing of a causal relationship between such an environment and a serious threat to the emotional or physical stability of the child, public policy requires that the care and guidance of each child should remain with his parents and in his own home. Section 19–1–102, C.R.S.1973 (1978 Repl. Vol. 8). *See People in the Interest of D.A.K.*, Colo., 596 P.2d 747 (1979); *Daugaard v. People*, 176 Colo. 38, 488 P.2d 1101 (1971).

Also, in this adjudicatory proceeding, there was no probative value to the evidence concerning the status of two older children of L.A.R., since the events concerning the other children were too remote in time and the status of those children was not before the court. *See People in the Interest of D.A.K., supra; People in the Interest of C.R.*, 38 Colo.App. 252, 557 P.2d 1225 (1976). *Cf.* C.R.J.P. 15(a).

■ The evidence here, tending to show only that L.A.R. would be a better parent if she had greater powers of empathy and sensitivity was insufficient as a matter of law to permit the state to intervene in the parent–child relationship. *People in the Interest of T.H., supra.* Therefore, there could be no determination of dependency or neglect on the record here under § 19–1–103(20)(b), (c) or (e), C.R.S.1973.

The judgment is therefore reversed and the cause is remanded with directions to dismiss the petition.

RULAND and KELLY, JJ., concur.