**In re the MARRIAGE OF Linda Mendoza, formerly Linda PILCHER, Appellant,**

**and**

**Edward R. Pilcher, Appellee.**

**No. 79CA0871.**

Colorado Court of Appeals,
Div. II.

Dec. 18, 1980.

Rehearing Denied Jan. 22, 1981.

Certiorari Denied May 11, 1981.

Epperson, McClary, Zorn & Vannoy, Douglas R. Vannoy, Edward L. Zorn, George A. Epperson, Donald F. McClary, Fort Morgan, for appellant.

Theodore W. Gould, George M. Reddin, Fort Morgan, for appellee.

KELLY, Judge.

Linda Pilcher Mendoza appeals an order of the trial court granting her former husband's petition for modification of custody of the parties' youngest child, and denying her motion for attorneys' fees and defined visitation rights. We reverse and remand for further proceedings.

The mother contends that there was insufficient evidence to warrant the trial court's conclusion under § 14–10–131(2), C.R.S.1973, that the present environment of the youngest child significantly impairs her emotional development and that a change of environment would be to her advantage. She argues that the evidence of her inability properly to supervise the older children of the parties was irrelevant to the questions which must be determined under the statute prior to entry of an order modifying the custody of the youngest child. We agree.

By agreement incorporated into the decree of dissolution, the mother retained custody of the three minor children of the parties. There was no appeal from this order. After the dissolution, the oldest child became emancipated. By petition for modification, the father sought custody of the two younger children, aged 15 and 7 years. The trial court found both parents to be fit; awarded custody of the middle child to the mother, and custody of the youngest child to the father. The death of the middle child pending this appeal renders moot the issues as to her custody.

The major portion of the testimony at the custody hearing focused on the middle child. The mother conceded that after the child entered junior high school, she could not control her daughter, and the child began to experience peer problems, to miss school frequently, and to earn poor grades. At the mother's request, the father assumed custody for six weeks, during which time the child's attitude, school attendance, and academic performance improved.

A mental health worker who counseled the fifteen-year-old child testified that the mother was under constant pressure, partly attributable to her new husband; and that she was unable to confront her problems in a timely fashion, resulting in inconsistent parenting. His written report to the Morgan County Social Services Department indicates that such inconsistency causes conflicts in children; however, there was no testimony that the youngest child displayed any emotional problems. Indeed, in his answer brief, the father concedes that there is no evidence that the youngest child has shown any of the behavioral problems afflicting her older sisters.

Based on the express wishes of the middle child, the trial court concluded that it was in her best interests to remain in the custody of her mother. Nevertheless, the trial court found that the present environment of the youngest child significantly impaired her emotional development, and accordingly, her custody was changed to her father. The findings in support of this change were based solely on the mother's inability to discipline the children as well as the father could, particularly in relationship to their schooling, and upon the father's remarriage and stable home.

"Had this matter been before the court for an original custody determination pursuant to §§ 14–10–123 and 124, C.R.S. 1973, awarding the custody in the first instance to the [father] might have been a proper exercise of judicial discretion. However, that was not the situation before the trial court .... This matter was before the court on a motion for modification of the prior custody decree,

and determination of such a motion is controlled by the provisions of § 14–10–131(2), C.R.S.1973.

.    .    .    .    .

"Although appellate courts are reluctant to disturb rulings of the trial court in custody matters, *Christian v. Randall*, 33 Colo.App. 129, 516 P.2d 132, the statute is clear, and the trial court must comply with its provisions." *In re Marriage of Larington*, 38 Colo.App. 408, 561 P.2d 17 (1976).

Here, as in *Larington*, the court's findings do not indicate endangered physical health or impairment of emotional development as required by the statute. And, even if there were such findings, the evidence would not support them. Hence, the order changing custody of the youngest child cannot stand.

The mother also contends that the trial court abused its discretion in denying her motion for attorneys' fees under § 14–10–119, C.R.S.1973 (1979 Cum.Supp.). There is evidence in the record on which the trial court could properly have based an award of attorneys' fees to the mother. However, the trial court made no written findings of fact in support of its denial of an award. Accordingly, we have no basis on which to review the ruling.

The order changing the custody of the youngest child from the mother to the father is reversed, and the cause is remanded with instructions to reinstate the original order granting custody to the mother, and for reconsideration and entry of findings and order on the mother's motion for attorneys' fees.

PIERCE, J., concurs.

VAN CISE, J., dissents.

VAN CISE, Judge, dissenting:

I respectfully dissent.

Appellate courts are reluctant to disturb trial court rulings in custody matters, *see In re Marriage of Larington*, 38 Colo.App. 408, 561 P.2d 17 (1976), and such rulings should not be disturbed if they are supported by the evidence. *See Coulter v. Coulter*, 141 Colo. 237, 347 P.2d 492 (1959). Here, the trial court found that the statutory criteria for modification of custody had been met. *See* § 14–10–131, C.R.S.1973. There was sufficient evidence to support this finding.

As the majority opinion indicates, most of the testimony concerned the middle child, and there was no evidence of the youngest child having behavioral or emotional problems. However, the trial court could reasonably infer from the evidence establishing lack of supervision of the older children that the mother also lacked the ability to supervise the youngest child, *see People in the Interest of C.R.*, 38 Colo.App. 252, 557 P.2d 1225 (1976), and based on that inference could find that the lack of supervision significantly impairs the emotional development of the youngest child. In addition, it was the opinion of a psychologist who examined the mother that she was under constant pressure and needed "a great deal of time to spend alone" before she could resume her parental duties. Furthermore, evidence of the father's ability to provide a stable home, in contrast to the instability resulting from continued custody in the mother, demonstrates the advantage resulting from a modification. *Cf. In re Marriage of Larington, supra.* Accordingly, I would affirm the trial court's modification of custody.

Even if the evidence was insufficient to support a modification under § 14–10–131, C.R.S.1973, the court's finding that it was in the best interests of the child that her custody be with the father was amply supported by the evidence. On that finding the trial court's order should be affirmed.

Courts are required by statute, § 14–10–124, C.R.S.1973, to determine custody in accordance with the best interests of the child. But, here, no best interests determination was made at the time of the 1977 custody order. The parties had entered into a written agreement which provided, among other things, that the wife would have the custody of the children. In its decree of dissolution, the court did not address the matter of custody, but merely

found this agreement "not unconscionable as to support, maintenance, and property," and ordered the parties to perform its provisions.

Where, as here, there was no adversary hearing and no best interests determination at the time of the original custody order, *cf. In re Marriage of Larington, supra,* a motion for change of custody should be decided on a "best interests of the child" standard, § 14–10–124, C.R.S.1973, rather than the "changed circumstances" test of § 14–10–131, C.R.S.1973. *See In re Custody of Ross,* 47 Or.App. 631, 614 P.2d 1225 (1980); *Williams v. Zacher,* 35 Or.App. 129, 581 P.2d 91 (1978); *Brooks v. Brooks,* 20 Or.App. 43, 530 P.2d 547 (1975). *See also Noonen v. Noonen,* 166 Colo. 331, 443 P.2d 723 (1968) (court can modify support order even without changed circumstances where first order resulted solely from an agreement and was not an order entered after a contested hearing). Once a best interests determination has been made, proceedings for subsequent modifications should be governed by § 14–10–131, C.R.S.1973.

Since I would affirm the order changing the custody, I would also affirm the court's denial of the mother's request for attorney's fees and suit money. Their allowance is a matter within the sound discretion of the trial court. With the father being the prevailing party, there would be no abuse of discretion in refusing the mother's request. *See In re Marriage of Peterson,* 40 Colo.App. 115, 572 P.2d 849 (1977); *Krall v. Krall,* 31 Colo.App. 538, 504 P.2d 681 (1972).