In re the CUSTODY OF Michael Paul GARCIA, a Child,

and Concerning Gilbert Trujillo, Petitioner-Appellant,

and

Debra Garcia, Respondent-Appellee.

No. 83CA1415.

Colorado Court of Appeals, Div. III.

Nov. 8, 1984.

Rehearing Denied Dec. 20, 1984.

Pueblo County Legal Services, Inc., Russell Olin, Pueblo, for petitioner-appellant.

Jack Jenkins, Pueblo, for respondent-appellee.

BABCOCK, Judge.

In this action commenced pursuant to § 14–10–123, C.R.S., of the Uniform Dissolution of Marriage Act, petitioner, as alleged father, sought custody of a child born to respondent. In response to the verified petition, respondent moved for child support, payment of medical expenses associated with her pregnancy and birth of the child, and attorney fees. Petitioner was ordered to pay $112 per month as child support, one-half of the pre-natal, delivery, and post-natal child care expenses, one-half of the child's future medical expenses, and each party was ordered to pay his or her own attorney fees and costs. Pursuant to agreement of the parties, petitioner withdrew his request for custody and they stipulated to the entry of an order of visitation in favor of petitioner. Petitioner appeals the trial court's award of support and past pregnancy expenses. We affirm in part and reverse in part.

Evidence in the record shows the following relevant circumstances. The child was born on August 18, 1982. Although petitioner and respondent have not married each other, petitioner alleged that his name appeared on the child's birth certificate and that he had acknowledged paternity of the child in writing. Hence, the parent-child relationship was uncontested.

Respondent was employed 40 hours per week at a restaurant where she earned $4 per hour and was provided hospital insurance. Petitioner was unemployed at the time of the hearing. He lived with his spouse, who was employed and who paid most of their living expenses from her earnings. Petitioner received $62 per month as a disability benefit from the V.A., was to commence his college education on August 29, 1983, under the G.I. Bill, and for each month of college enrollment was to receive a benefit of $460 per month, which included $50 for the minor child and $50 for his spouse. At the hearing, petitioner agreed that he could afford to contribute approximately $80 per month toward the support of the child and should contribute to the child's pre-natal, delivery, and post-natal medical expenses.

I.

Petitioner contends that the trial court lacked jurisdiction to award medical expenses associated with the pregnancy be-

cause jurisdiction to do so rests exclusively under the Uniform Parentage Act, § 19–6–101, et seq., C.R.S. (1978 Repl.Vol. 8). We agree.

 Jurisdiction was invoked pursuant to the Uniform Dissolution of Marriage Act. The medical expenses associated with the pregnancy previously incurred by respondent cannot be awarded as a debt of the marriage pursuant to § 14–10–113, C.R.S., because these parties were never married. Nor may these past expenses be awarded as an incident of child support in this custody proceeding because petitioner cannot be required to reimburse respondent for amounts expended by her for child support prior to the entry of a child support order under § 14–10–115, C.R.S. *In re Marriage of Serfoss,* 642 P.2d 44 (Colo. App.1981). Thus, the trial court had no jurisdiction under the Uniform Dissolution of Marriage Act to award expenses incurred prior to the date of the filing of respondent's motion for child support. Authority for such recovery is found in § 19–6–116(3), C.R.S. (1978 Repl.Vol. 8), and jurisdiction rests exclusively under the Uniform Parentage Act.

## II.

Petitioner next argues that trial court abused its discretion in entering its order for prospective child support, and for payment of future medical costs. We disagree.

An award of child support is within the sound discretion of the trial court and will be sustained unless there is a clear abuse of discretion. *Carlson v. Carlson,* 178 Colo. 283, 497 P.2d 1006 (1972). Our review of the record reflects that the trial court considered the relevant factors for determination of support, *see* § 14–10–115, C.R.S., and thus, there was no abuse of discretion. *See In re Marriage of Krise,* 660 P.2d 920 (Colo.App.1983).

The judgment is reversed as to the award of all pre-natal, delivery, and post-natal child care expenses incurred prior to the date of the filing of the motion for

support, and the cause is remanded with direction to vacate the order for payment of such expenses. The judgment is affirmed in all other respects.

BERMAN and METZGER, JJ., concur.