In re the Marriage of Judith A.
McKENDRY, Appellant and
Cross-Appellee,

and

Andrew W. McKendry, Appellee and
Cross-Appellant.

No. 85CA0162.

Colorado Court of Appeals,
Div. III.

Dec. 11, 1986.

Rehearing Denied Jan. 15, 1987.

Certiorari Denied April 27, 1987.

James L. Gilbert & Associates, P.C., Richard P. Murphy, James L. Gilbert, Arvada, for appellant and cross-appellee.

Stephen W. Miller, Golden, for appellee and cross-appellant.

METZGER, Judge.

Judith A. McKendry (wife) appeals and Andrew W. McKendry (husband) cross-appeals from the trial court's orders regarding child support, property division, maintenance, and attorney fees. We affirm in part and reverse in part.

On February 15, 1979, the district court, after determining that husband had been served by publication, entered the following permanent orders. It found that husband left the family home on May 9, 1978, in possession of marital property valued at $118,648.41. The remainder of the marital property was valued at approximately $122,000 and was awarded to wife. Because the court did not have personal jurisdiction over husband, it entered no orders regarding, but retained jurisdiction over, issues pertaining to spousal maintenance,

child support, attorney fees, and wife's interest, if any, in the property taken by husband.

In December 1982, wife obtained personal service on husband. After a hearing in April 1984, a different judge revalued the marital property retained by wife at approximately $160,000. It found that three children were born as issue of the marriage. The first was emancipated at the time husband left Colorado. The second became emancipated in February 1982. The third child, born August 18, 1967, was unemancipated, and husband was ordered to pay $300 per month child support for her benefit.

The trial court then determined that husband was liable for a total of $55,000 past-due child support from May 1978 until February 1982 for the second child, and from May 1978 until April 1984 for the third child. It further determined that the difference between the value of the marital property taken by husband and the value of the marital property awarded to wife, $40,000, should be considered as a partial lump sum payment of child support by husband. Accordingly, it ordered husband to pay wife $15,000, the difference between the $55,000 total support husband owed, and the $40,000 lump sum payment. It denied wife's request for spousal maintenance and for attorney fees.

## I.

Husband contends that the trial court erred in awarding child support for the period between May 1978 and April 1984. We agree.

■ Under § 14–10–115, C.R.S., a parent cannot be required to pay child support prior to entry of a child support order. *In re Custody of Garcia*, 695 P.2d 774 (Colo. App.1984); *In re Marriage of Klein*, 671 P.2d 1345 (Colo.App.1983). The court must have personal jurisdiction over a party before it can enter a valid child support order. *Offerman v. Alexander*, 185 Colo. 383, 524 P.2d 1082 (1974). In entering a child support order, the facts and circumstances of the parents and children as of the time of the hearing on support control. *In re Mar-*riage of Serfoss, 642 P.2d 44 (Colo.App. 1981).

■ The trial court did not enter an order awarding child support until after the hearing in April of 1984. Since the court lacked proper jurisdiction to enter support orders until husband was personally served, its attempt to order retroactive child support was void. Accordingly, we reverse the trial court's order awarding $15,000 in retroactive child support.

## II.

■ Wife argues that the trial court erred in revaluing the marital assets retained by wife. We agree.

The original trial court in its permanent orders determined that it had jurisdiction over the marital property remaining in Colorado, valued the property, and ordered that title to the property be vested solely in wife. The original trial court retained jurisdiction only over the property withdrawn from the state by husband.

The original trial court's order was a valid final judgment which could be altered, amended, or vacated only upon appropriate motion under either C.R.C.P. 59 or 60. *See Cortvriendt v. Cortvriendt*, 146 Colo. 387, 361 P.2d 767 (1961); § 14–10–122(1), C.R.S. Because husband failed to file any such motion, the order revaluing the property constituted error.

## III.

■ Wife also contends that the trial court erred in denying her request for attorney fees. She argues that husband's disappearance caused her unreasonable delay and increased expense. Therefore, she contends, husband should bear the increased cost. We disagree.

Section 14–10–119, C.R.S. (1986 Cum. Supp.) provides for the award of attorney fees after consideration of the financial resources of both parties. An award of attorney fees is within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *In re*

*Marriage of Peterson,* 40 Colo.App. 115, 572 P.2d 849 (1977).

The record reflects that husband was temporarily unemployed at the time of the April 1984 hearing and that wife's assets were substantially greater than husband's. Consequently, the trial court did not abuse its discretion in denying wife's request for attorney fees.

In light of these conclusions, we need not address the parties' remaining contentions.

The trial court's revaluation of wife's property is reversed, as is its award of retroactive child support, and those portions of the judgment are vacated. The remainder of the judgment is affirmed.

VAN CISE and BABCOCK, JJ., concur.