541 P.2d 330 (1975)
The PEOPLE of the State of Colorado, In the Interest of C. O., a child.
Upon the Petition of K. B., Petitioner-Appellee, and concerning A. B. O., Respondent-Appellant.
No. 74-492.
Colorado Court of Appeals, Div. III.
July 22, 1975.
As Modified on Denial of Rehearing September 9, 1975.
Certiorari Denied November 3, 1975.
*331 Charles B. Howe, Boulder, for petitioner-appellee.
Murray Richtel, Robert W. Brandes, Jr., Boulder, for respondent-appellant.
Selected for Official Publication.
SMITH, Judge.
This action was commenced on January 30, 1973, in the Boulder County District Court by the County Welfare Department. After a combined adjudicatory and dispositional hearing on April 10, 1973, C. O., a minor child, was adjudicated dependent and neglected and, the parental rights of her mother, A. B. O., were terminated. C. O. was then placed in the permanent custody of the County Welfare Department pending placement for adoption. A. B. O. appeals from both the adjudication of dependency and termination of parental rights. We affirm.
C. O. was born on February 3, 1971. There was no marriage between A. B. O. and the father and he has never contributed to the support of either mother or child. The evidence at both the combined adjudicatory and dispositional hearing and on the motion for new trial established that during the first year of her life, C. O. developed normally; she had, however, been born prematurely and remained small for her age. During this period, A. B. O. and C. O. were living in Denver and receiving aid and supervision from the Denver County Welfare Department. During C. O.'s second year of life, A. B. O., who had moved to Boulder County, did not receive any sustained supervision of mothering techniques and basic child care from that county's welfare department. C. O. gained less than two pounds of weight during that second year and her health deteriorated to the point where attending physicians adduced that she had symptoms of a severe "failure to thrive."
*332 Dependency and Neglect
After reviewing the full record, we are convinced that C. O.'s failure to thrive was established with a reasonable degree of medical certainty, as resulting from malnourishment and the limited ability of A. B. O. to satisfy the emotional needs of the child. It was A. B. O.'s responsibility to supply C. O. with a proper diet and to provide the necessary love and affection to satisfy the child's emotional requirements. A. B. O.'s failure to do so justified the court's conclusion that C. O. was dependent and neglected. Daugaard v. People in Interest of Daugaard, 176 Colo. 38, 488 P.2d 1101. The adjudication of dependency and neglect is therefore affirmed.

Termination of Parental Rights
As we stated in People in Interest of K. S. and M. S., 33 Colo.App. 72, 515 P.2d 130, quoted with approval in People in Interest of M. M., Colo., 520 P.2d 128, parental rights cannot be terminated unless there is: (1) A history of severe and continuous neglect; (2) a substantial probability of future deprivation; and (3) a determination that under no reasonable circumstances can the welfare of the child be served by a continuation of the legal relationship of the child with the parent. Implicit in the trial court's findings of dependency and neglect based upon evidence of "failure to thrive" is the finding that such neglect is continuous and severe.
The "failure to thrive" syndrome does not arise as a result of a single or even a few instances of deprivation by the parent or parents but must, by its very nature, be the result of neglect or deprivation continuing over a sufficiently long period of time that there occurs a clearly apparent difference between the growth and development of the deprived child and that of a child who receives normal love and care over a comparable period. Moreover, the fact that, over an extended period, there is a medically significant difference between the progress and development of the deprived child and that of normal children attests to the severity of the neglect. Thus, the trial court's finding here, as to the manner in which the child was neglected or became dependent, is sufficient to meet the first test enunciated in K.S., supra.
The trial court expressly found in its order denying the motion for a new trial and reaffirming the order of termination that: "[u]nder no reasonable circumstances could the welfare of the child be served by a continuation of the parentchild relationship . . . . To do so would subject the child to the jeopardy of malnutrition, inhibited development, and an unstable physical and emotional environment." Thus, as enumerated in K.S., supra, each of the prerequisites necessary for termination of parental rights have been found to exist by the trial court, and, although evidence to the contrary was presented, there is evidence to support those findings made by the trial court. Hence, although we might have reached a different conclusion, had we been the triers of fact, we may not substitute our judgment for that of the trial court. Adler v. Adler, 167 Colo. 145, 445 P.2d 906. We note that the alternative remedies referred to in People in Interest of M. M., supra, had in large measure, been attempted in the instant case prior to the entry of the order reaffirming termination.
We have considered the documents submitted in supplementation of the record and the supplemental brief filed by the respondent and, in the absence of any showing to the contrary, we presume that the trial judge considered only those matters which were properly before him for that purpose. We therefore find no ground of reversible error to have been raised by the supplemental brief.
The judgment terminating parental rights is, therefore, also affirmed.
ENOCH and RULAND, JJ., concur.