**The PEOPLE of the State of Colorado,**

**In the Interest of K.A., a Child,**

**Upon the Petition of the El Paso County Department of Human Services, Petitioner–Appellee,**

**and**

**Concerning A.A., Respondent–Appellant.**

**No. 06CA0606.**

Colorado Court of Appeals, Div. I.

Nov. 16, 2006.

Virginia A. Etheridge, Guardian Ad Litem.

Nancy J. Walker–Johnson, Guardian Ad Litem.

William Louis, County Attorney, Laura C. Rhyne, Deputy County Attorney, Colorado Springs, Colorado, for Petitioner–Appellee.

Davide C. Migliaccio, Colorado Springs, Colorado, for Respondent–Appellant.

Opinion by Judge BERNARD.

In this dependency or neglect proceeding, A.A. (mother) appeals from an order awarding permanent legal custody of the child, K.A., to K.A.'s maternal grandmother, V.W. We affirm.

In this case, the original dependency or neglect petition was filed in December 2004. In March 2005, a magistrate entered an order finding the child was dependent or neglected. After the district court affirmed this order, mother appealed the order to this court in July 2005.

In March 2006, after two previous hearings, the trial court entered a permanent custody order placing K.A. with her grandmother, and mother filed the present appeal.

Another division of this court affirmed the original dependency or neglect order in April 2006 in an unpublished opinion. *People in Interest of K.A.*, 2006 WL 871713 (Colo.App. No. 05CA1461, Apr. 6, 2006)(not published pursuant to C.A.R. 35(f) )(*K.A. I*).

## I. Expedited Appellate Procedures

■ Mother asserts the expedited procedure set forth in C.A.R. 3.4 does not apply because this is an appeal from a custody order and not an appeal as permitted by § 19–1–109(2)(b)–(c), C.R.S.2006. Under the circumstances here, we perceive no error.

C.A.R. 3.4 expedites "[a]ppeals from orders in dependency or neglect proceedings, as permitted by section 19–1–109(2)(b) and (c), C.R.S." C.A.R. 3.4(a). Subsections (b) and (c) of § 19–1–109(2) permit appeals from orders terminating or denying termination of the parent-child legal relationship and from orders decreeing a child to be dependent or neglected.

Although C.A.R. 3.4 does not extend to permanent custody orders entered in dependency or neglect proceedings, on April 19, 2006, this court ordered that the appeal be expedited and proceed in accordance with C.A.R. 3.4. Because C.A.R. 2 permits an appellate court to expedite decisions and "order proceedings in accordance with its direction," we find no error in proceeding under C.A.R. 3.4 here.

In reaching this conclusion, we reject mother's assertion that the expedited procedure was prejudicial because it forced counsel to review the matter on an accelerated basis prior to completion and filing of the record. The issue raised by mother on appeal is a jurisdictional issue, which was effectively addressed in the petition on appeal without resort to the official record, and mother has not sought to amend the petition since the official record became available. *See People in Interest of N.A.T.*, 134 P.3d 535 (Colo.App.2006) (determining that the parent was not prejudiced by lack of access to transcripts prior to preparation of the petition on appeal and noting that the parent did not seek to amend the petition after the official transcript became available); *see also People in Interest of T.D.*, 140 P.3d 205 (Colo.App.2006)(holding that C.A.R. 3.4 did not violate a parent's right to due process by requiring the parent to rely on an incomplete record in preparing the petition on appeal).

## II. Trial Court's Jurisdiction to Enter Orders Pending Appeal

Mother contends the trial court lacked jurisdiction to enter the order of permanent custody because the appeal from the adjudicatory decree was pending. We disagree.

### A. Mootness

■ As a preliminary matter, we note that mother's argument is arguably moot because a division of this court decided *K.A. I* after the notice of appeal was filed in this case. Although neither party has raised this issue, we consider it because it involves our subject matter jurisdiction. *See Fullerton v. County Court*, 124 P.3d 866 (Colo.App.2005). We determine this issue is a matter capable of repetition, yet evading review, because mother's contention concerns a trial court's jurisdiction to enter certain dispositional or-

ders while orders finding children to be dependent or neglected are on appeal. Therefore, we address it. *See People in Interest of H.,* 74 P.3d 494 (Colo.App.2003).

### B. Effect of Appeal on Trial Court's Jurisdiction

■ Unless otherwise authorized by statute or rule, the filing of a notice of appeal shifts jurisdiction to the appellate court and divests the trial court of jurisdiction to conduct further substantive action related to the judgment on appeal. *Musick v. Woznicki,* 136 P.3d 244 (Colo.2006); *People in Interest of S.B.,* 742 P.2d 935 (Colo.App.1987). However, the trial court retains jurisdiction to act on matters that are not relative to and do not affect the judgment on appeal. *Musick v. Woznicki, supra.*

Included among the dispositional alternatives available to the trial court under § 19–3–508, C.R.S.2006, is placement of the child in the legal custody of a relative or other suitable person. Section 19–3–508(1)(b), C.R.S.2006. Orders placing a child out of the home pursuant to § 193508 are temporary and subject to periodic review by the trial court; the statute does not provide for an award of permanent legal custody to a nonparent. *People in Interest of C.M.,* 116 P.3d 1278 (Colo.App.2005).

■ The dependency or neglect statutes providing for an award of permanent custody to a nonparent are §§ 19–3–702 and 19–3–703, C.R.S.2006. *People in Interest of C.M., supra.* Under these statutes, an award of permanent custody cannot be entered absent a valid adjudicatory order. *See People in Interest of C.M., supra,* 116 P.3d at 1283 ("An order of custody may not be made until after a child has been adjudicated dependent or neglected.").

Section 19–1–109(2)(c) addresses the jurisdiction of the trial court during appeal of dependency or neglect orders:

An order decreeing a child to be neglected or dependent shall be a final and appealable order after the entry of the disposition pursuant to section 19–3–508. Any appeal shall not affect the jurisdiction of the trial court to enter such further dispositional orders as the court believes to be in the best interests of the child.

Mother argues the second sentence of § 19–1–109(2)(c) is governed by the first sentence, thus only authorizing a court to enter dispositional orders pursuant to § 19–3–508 while dependency and neglect orders are on appeal. We are not persuaded.

■ When construing a statute, we first consider its plain language, rejecting interpretations rendering words or phrases superfluous. *People v. Cross,* 127 P.3d 71 (Colo. 2006). A statute is to be read as a whole, giving effect to all its parts whenever possible. *People v. Weiss,* 133 P.3d 1180 (Colo. 2006). A court will not read into a statute an exception the plain language does not suggest. *Moreland v. Alpert,* 124 P.3d 896 (Colo. App.2005).

The second sentence of § 19–1–109(2)(c) contains broad language, indicating a court has jurisdiction to enter any "such dispositional orders" the court deems necessary during the appeal from the court's original dependency or neglect order. The breadth of this language indicates it is not limited to orders entered pursuant to § 19–3–508.

This conclusion is supported by other provisions of the dependency or neglect statutes. For example, § 19–3–508(1)(a), (d), C.R.S. 2006, contemplate various custodial placements as part of a dispositional order: (a) parents; (b) relatives; (c) department of social services or other agency; and (d) medical facilities. Orders of permanent custody are logical potential extensions of temporary orders.

Further, the initial petition filed in dependency or neglect cases must inform parents a "permanency hearing" shall be held if the child is placed out of the home for a year or longer. Section 19–3–502(3)(b), C.R.S.2006. Trial courts conducting dispositional hearings pursuant to § 19–3–507, C.R.S.2006, must evaluate recommendations for out-of-home placements in light of criteria established in § 19–3–701(5), C.R.S.2006, a statute appearing in the part of the dependency or neglect statutory scheme devoted to review of placement orders.

Moreover, § 19–3–508(1) contemplates permanent resolutions of a child's residency status because it refers to termination of parental rights as a potential "proposed disposition." *See People in Interest of K.S.*, 33 Colo.App. 72, 75–76, 515 P.2d 130, 132 (1973) (prior dependency or neglect statutes provided "alternative methods of disposition for children adjudicated neglected and dependent: temporary custodial supervision by the state, including possible denial of custody to the parents until rehabilitation has occurred ... [o]r termination of parental rights").

Like permanency hearings governed by § 19–3–701, et seq., C.R.S.2006, termination proceedings are governed by § 19–3–601, et seq., C.R.S.2006, found in a part of the dependency or neglect statutory scheme different from § 19–3–508. Likewise, § 19–3–508(1)(e)(I), C.R.S.2006, requires courts to hold permanency hearings when treatment plans cannot be implemented, unless a motion for termination of parental rights is filed.

Our determination that the second sentence of § 19–1–109(2)(c) is intended to be broad in scope is reinforced by §§ 19–3–702 and 19–3–703. Section 19–3–702(1), C.R.S. 2006, requires permanency hearings to be held as soon as possible:

> In order to provide stable permanent homes for children in as short a time as possible, a court ... shall conduct a permanency hearing if a child cannot be returned home ... for the purpose of making a determination regarding the future status of the child. Such permanency hearing shall be held as soon as possible following the dispositional hearing but shall be held no later than twelve months after the date the child is considered to have entered foster care and no later than every twelve months thereafter while the child remains in out-of-home placement. ...

Section 19–3–703 requires all children under the age of six years old when petitions are filed to be placed in a permanent home within twelve months of the original out-of-home placement, unless a court finds such permanent placement is not in the child's best interests.

Mother's position recognizes that, by allowing trial courts to enter placement orders pending the resolution of appeals of orders adjudicating children to be dependent or neglected, there is the potential a child will have to be removed from a permanent placement if the adjudication order is reversed. However, if we were to adopt mother's construction and limit a court's jurisdiction pending appeal to entering orders only pursuant to § 19–3–508, we would defeat the clear legislative intent, announced in §§ 19–3–702 and 19–3–703, to place children in permanent homes within "as short a time as possible." There is no indication in § 19–1–109(2)(c) of any legislative intention to delay permanent placement decisions while appeals of dependency and neglect orders are litigated, nor is there any suggestion the legislature favored continuing jurisdiction for temporary placement orders while disfavoring continuing jurisdiction for permanent orders.

■ At the time of the permanent custody hearing in this case, an adjudicatory order had been issued by the trial court, even though it was being appealed by mother. Thus, the requirements of § 19–3–702 had been satisfied. *See People in Interest of C.M., supra.*

K.A. was seven years old when the original petition in dependency or neglect was filed, eight years old when the order adjudicating her dependent or neglected was entered, and nine years old when the permanent custody order was issued. A year elapsed between the dependency or neglect order and the permanent custody order, and another year elapsed between the dependency or neglect determination and the decision of a division of this court affirming it. To hold the permanent placement decision in abeyance pending appellate review of the dependency or neglect order would mean K.A. would not have had a permanent home until after the mandate issued in *K.A. I*, a hearing was scheduled, evidence was presented, and an order issued. The result would have been to delay K.A.'s placement in a stable environment well beyond the time set forth in § 19–3–702(1), thus frustrating the legislative intent of that statute.

To fulfill the legislature's desire to provide permanent homes for children as quickly as possible, we conclude the second sentence of § 19–1–109(2)(c) provides a trial court with continuing jurisdiction to enter such further permanent custody orders under § 19–3–702 as it deems necessary to further the child's best interests, even if those orders are entered after the order adjudicating the child dependent or neglected is appealed.

In reaching our conclusion, we emphasize this case involves a permanent custody order. We do not address the question of whether the same reasoning would apply to orders terminating parental rights.

The order is affirmed.

Judge MÁRQUEZ and Judge ROTHENBERG concur.