25CA0230 Peo in Interest of AIRZ 08-21-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0230
Eagle County District Court No. 24JV41
Honorable Paul R. Dunkelman, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of A.I.R.Z., a Child,

and Concerning V.D.C.Z.G. and A.R.G.,

Appellants.

---

JUDGMENTS REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE FOX
Schutz and Taubman,* JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 21, 2025

---

Beth Oliver, County Attorney, Alison D. Casias, Special Assistant County
Attorney, Dillon, Colorado, for Appellee

Jenna L. Mazzucca, Guardian Ad Litem

Harald Van Gaasbeek, Office of Respondent Parents' Counsel, Fort Collins,
Colorado, for Appellant V.D.C.Z.G.

Patrick R. Henson, Office of Respondent Parents' Counsel, Justin Twardowski,
Office of Respondent Parents' Counsel, Denver, Colorado, for Appellant A.R.G.


*Sitting by assignment of the Chief Justice under the provisions of Colo. Const.

art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1      In this dependency and neglect proceeding, V.D.C.Z.G. (mother) and A.R.G. (father) appeal the summary judgment adjudicating A.I.R.Z. (the child) dependent or neglected. We reverse and remand the case to the juvenile court.

## I.      Background

¶ 2      In July 2024, the Eagle County Department of Human Services (the Department) filed a petition in dependency and neglect concerning the then-three-month-old child. The Department alleged that mother had recently taken the child to the doctor because the child had bruises and scratches on his ribs, back, and leg. The parents were unable to provide any explanation for the bruising and scratches. The child's medical providers concluded that the injuries were not accidental or the result of a medical condition, but rather, were likely the result of abuse.

¶ 3      The juvenile court granted temporary custody of the child to the Department, and the child was placed in foster care. Both parents denied the allegations in the petition and requested a jury trial.

¶ 4      Before the trial date, the Department moved to adjudicate the child dependent or neglected based on evidence of child abuse or

nonaccidental injury under section 19-3-505(7)(a), C.R.S. 2025, and exposure to an injurious environment under section 19-3-102(1)(c), C.R.S. 2025. To support its motion, the Department attached several photos of the child's alleged injuries, a hospital discharge summary, and an affidavit from the caseworker. The parents opposed summary judgment by filing a joint verified response and an affidavit from father.

¶ 5    The juvenile court granted summary judgment against both parents and adjudicated the child dependent or neglected pursuant to sections 19-3-505(7)(a) and 19-3-102. The court subsequently denied mother's motion to reconsider that ruling.

¶ 6    Both parents now appeal.

## II.    Jurisdiction

¶ 7    While this appeal was pending, and without the entry of a limited remand, the juvenile court entered an order closing the underlying case and stating that "[a]ll orders issued in this case are vacated." Based on the language of the court's order, we ordered the parties to show cause why the appeals were properly before this court. Specifically, we noted that "if the [juvenile] court retained authority to vacate the order appealed here, then it is unclear why

2

these appeals are not now moot." In other words, if the juvenile court had jurisdiction when it vacated *all* orders in the case, then the order granting summary judgment — the order we are asked to review on appeal — would no longer exist. And reversal of a nonexistent order would have no practical effect on an existing controversy. *See People in Interest of C.G.*, 2015 COA 106, ¶ 12 ("An issue is moot when the relief sought, if granted, would have no practical effect on an existing controversy.").

¶ 8 The parties responded that even when a dependency and neglect case has been closed or dismissed, an appeal of an adjudicatory judgment is not moot because the judgment carries the possibility of ongoing collateral legal consequences. *See DePriest v. People*, 2021 CO 40, ¶ 9 (a case is moot "only if it is shown that there is no possibility that any collateral legal consequences will be imposed" based on the challenged ruling). For example, in a future dependency and neglect action, the adjudication of one child can be considered by a juvenile court when determining if another child is dependent or neglected and when determining fitness under the termination criteria. *See* § 19-3-604(2)(l), C.R.S. 2025; *see also People in Interest of S.N.*, 2014

3

COA 116, ¶ 18 (holding that evidence of a parent's past treatment of other children may be considered to determine "whether it is likely or expected that a parent will fail to provide proper care for another child").

¶ 9    But we need not opine about the possibility of collateral consequences because we have jurisdiction to review the challenged order on the merits. Accordingly, the order to show cause is discharged.

¶ 10    We conclude that the juvenile court did not have jurisdiction to vacate its order granting summary judgment because it did so while the judgment was on appeal in this court. *See People in Interest of K.A.*, 155 P.3d 558, 561 (Colo. App. 2006) ("Unless otherwise authorized by statute or rule, the filing of a notice of appeal shifts jurisdiction to the appellate court and divests the trial court of jurisdiction to conduct further substantive action related to the judgment on appeal.").

### III.    Summary Judgment

¶ 11    Both parents contend that the juvenile court erred by adjudicating the child dependent or neglected by summary judgment. Specifically, they argue that (1) the court relied on an

inapplicable definition of "child abuse or neglect" when it found that the Department met its initial burden to show that the child was dependent or neglected, *see* § 19-1-103(1)(a), and (2) summary judgment was precluded because genuine issues of material fact still existed, *see* C.R.C.P 56(c). Additionally, mother argues that the court improperly weighed the evidence and failed to consider the child's status when it entered summary judgment.

¶ 12    We agree that the juvenile court erroneously granted summary judgment because the parents established that there were genuine issues of material fact and because the court improperly weighed the evidence. Thus, we need not consider the parents' other arguments.

A.    Standard of Review and Legal Framework

¶ 13    A child may be adjudicated dependent or neglected if the government proves that one or more of the conditions in section 19-3-102 exist. *See People in Interest of S.M-L.*, 2016 COA 173, ¶ 29 ("[S]ection 19-3-102 requires proof of only one condition for an adjudication."). Moreover, "[e]vidence that child abuse or nonaccidental injury has occurred shall constitute prima facie evidence that such child is neglected or dependent, and such

5

evidence shall be sufficient to support an adjudication . . . ." § 19-3-505(7)(a).

¶ 14     An adjudication by summary judgment under C.R.C.P. 56 is permissible in dependency and neglect proceedings. *People in Interest of S.B.*, 742 P.2d 935, 938-39 (Colo. App. 1987). Summary judgment is only appropriate when there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *People in Interest of M.M.*, 2017 COA 144, ¶ 12 (*citing People in Interest of S.N. v. S.N.*, 2014 CO 64, ¶¶ 14-15).

¶ 15     The moving party bears the initial burden of establishing that there is no disputed material fact. *Id.* at ¶ 13. A material fact is one that will affect the outcome of the case. *Id.* To meet this burden, the moving party can use pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. *Id.* If the moving party fails to meet this burden, summary judgment must be denied. *Id.* However, if the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate the existence of a triable issue of fact. *Id.* at ¶ 14.

¶ 16    Moreover, even when the material facts are undisputed, summary judgment is only appropriate when reasonable minds could draw but one inference from them. *Id.* at ¶ 15. In making this determination, we must view the facts, and all favorable inferences reasonably drawn therefrom, in the light most favorable the nonmoving party. *Id.*

¶ 17    We review the court's grant of summary judgment de novo. *Id.* at ¶ 11.

### B.    Application

¶ 18    In its order granting summary judgment, the juvenile court found that the Department had established, through its motion and supporting documentation, that (1) the child had suffered nonaccidental injuries including bruising and scratching; (2) neither parent had provided a viable explanation for the injuries; (3) when the injuries occurred, the child was too young to walk, crawl, or roll over; and (4)  the parents were the only people caring for the child before the injuries.

¶ 19    The court then looked to section 19-1-103(1)(a)(I), which defines "child abuse or neglect" as "an act or omission  . . . that threatens the health or welfare of a child" in any case in which,

7

among other things, "a child exhibits evidence of skin bruising, bleeding . . . [or] soft tissue swelling" and such condition "is not justifiably explained" or "the circumstances indicate that such condition may not be the product of an accidental occurrence." Applying that definition, the court found that the Department had presented prima facie evidence that the child had "suffered nonaccidental injury," which was "sufficient to support adjudication" under section 19-3-505(7)(a).

¶ 20 Both parents argue that the definition of "child abuse or neglect" in section 19-1-103(1)(a)(I) is inapplicable when determining whether a child is dependent or neglected.[1] And thus, they assert that the juvenile court misapplied the law when it found that the Department had met its initial summary judgment burden. However, we need not decide whether the definition of "child abuse or neglect" in section 19-1-103(1)(a)(I) can be used to support an adjudication under section 19-3-505(7)(a). But even if the definition

---

[1] Section 19-1-103(1)(a) states expressly that its definition of "abuse" or "child abuse or neglect" applies to those terms as "used in part 3 of article 3 of this title 19." § 19-1-103(1)(a), C.R.S. 2025. This adjudication occurred under sections 19-1-102, C.R.S. 2025, and 19-3-505(7)(a), C.R.S. 2025.

8

was relevant, and even if the Department met its initial summary judgment burden, we still conclude that the parents met their burden to demonstrate a triable issue of fact, which precluded the entry of summary judgment.

¶ 21    The parents timely filed a joint response to the Department's summary judgment motion. Notably, mother verified the response by declaring "under penalty of perjury under the law of Colorado that the foregoing is true and correct" and signed the document.[2] The response asserted that the parents disagreed with the medical findings about the child's injuries and believed that the bruises were caused by a medical condition related to the child's skin or blood. The response also stated that "both parents adamantly deny physical abuse to the child."

---

[2] As relevant here, C.R.C.P. 56 allows an opposing party to demonstrate a genuine issue of material fact by filing an opposing affidavit. Although mother did not file an affidavit, the joint response served as the equivalent to an affidavit because her verification statement and signature rendered the response an "unsworn declaration." *See* C.R.C.P. 108 ("When any rule of civil procedure requires an affidavit or other sworn declaration, an unsworn declaration under C.R.S. § 13-27-101 et seq. may be used in its place."); § 13-27-102(7), C.R.S. 2025 (defining "unsworn declaration" as "a declaration in a signed record that is not given under oath, but is given under penalty of perjury").)

¶ 22    The juvenile court considered the statements in the verified response but found that they were insufficient to show a genuine issue of material fact because they were "simply allegations and argument" without any supporting documentation.  But the verified statements were not "simply allegations and argument" because mother could have testified to the statements in the verified response.  *See K.H.R. v. R.L.S.*, 807 P.2d 1201, 1203 (Colo. App. 1990) (for summary judgment, supporting affidavits must be based on personal knowledge, set forth admissible facts, and establish that the affiant is competent to testify to the information in the affidavit; they must also must contain evidentiary material, which if the affiant were in court, would be admissible as part of their testimony).  More specifically, mother's testimony — that she believed that the child had a skin or blood condition which caused the bruising and marks and that the parents did not physically abuse the child — would have been admissible because it was relevant to whether the child was dependent or neglected and was based on mother's personal knowledge about her child and his medical history.  *See id.; see also* CRE 402; CRE 601; CRE 602; CRE 701.  Accordingly, the parents were not required, as the

10

juvenile court implied, to provide additional supporting documentation for the statements in their verified response.

¶ 23 Thus, contrary to the juvenile court's findings, we conclude that the statements in the parents' verified response, when viewed in the light most favorable to them, were sufficient to demonstrate the existence of a triable issue of fact. Specifically, the verified statements created a dispute as to whether the child's injuries were accidental and whether he was in an injurious environment.

¶ 24 Further, in determining that summary judgment was warranted, the juvenile court heavily relied on the Department's documentation — mainly the hospital discharge summary that stated that the child's injuries were nonaccidental. But, because mother's statements directly contradicted the conclusions made in the hospital discharge summary, the court necessarily weighed the evidence before granting summary judgment.[3] Although the juvenile court could have properly weighed the conflicting evidence and the credibility of the witnesses at an adjudicatory trial, it was

---

[3] The parents did not challenge the juvenile court's consideration of the hospital discharge summary, despite the absence of an affidavit or acknowledgment concerning the accuracy of its content.

precluded from doing so at the summary judgment stage. *See S.N.*, ¶ 15 (summary judgment is not a substitute for trial; only at a trial can the court assess the weight of the evidence and the credibility of the witnesses).

¶ 25    Based on the foregoing, we conclude that the juvenile court erred by granting summary judgment against both parents and adjudicating the child dependent or neglected. *See M.M.*, ¶ 13.

## IV.   Disposition

¶ 26    The judgments adjudicating the child dependent or neglected are reversed, and the case is remanded to the juvenile court. On remand, the juvenile court may, in its discretion, enter a new order dismissing the case and vacating its prior orders.

JUDGE SCHUTZ and JUDGE TAUBMAN concur.