25CA0651 Peo in Interest of Ardeshiri 02-12-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0651
City and County of Denver Probate Court No. 25MH306
Honorable Beth A. Tomerlin, Magistrate

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Eemaan Ardeshiri,

Respondent-Appellant.

---

APPEAL DISMISSED IN PART
AND ORDER AFFIRMED

Division V
Opinion by JUDGE TOW
Lipinsky and Martinez*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 12, 2026

---

Miko Brown, City Attorney, Daniel Horwitz, Assistant City Attorney, Denver, Colorado, for Petitioner-Appellee

The Mental Health Law Firm, Johnathan B. Culwell, Denver, Colorado, for Respondent-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Respondent, Eemaan Ardeshiri, appeals the magistrate's order authorizing the staff at the Colorado Mental Health Hospital at Fort Logan (Fort Logan) to involuntarily medicate him.  We dismiss the appeal in part and otherwise affirm the order.

## I.    Background

¶ 2    In March 2025, Ardeshiri was admitted to the University of Colorado Hospital Behavioral Health Unit on a seventy-two-hour emergency mental health hold.  Ardeshiri reported that "frequencies" were being "placed in his brain" and that he was hearing "distressing voices."  His treating physician diagnosed him with schizophrenia and sought orders authorizing short-term certification and the involuntary administration of medication.

¶ 3    In August 2025, Ardeshiri was transferred to Fort Logan.  At the request of his treating physician at Fort Logan, Dr. Robert Hernandez, the People filed a petition to involuntarily medicate Ardeshiri with five antipsychotic medications (Clozaril, Haldol, Abilify, Invega, and Zyprexa), two mood stabilizers (lithium and Depakote), an antianxiety medication (Ativan), and several side effect medications.  On September 17, 2025, the magistrate held an evidentiary hearing, at which Dr. Hernandez testified.  After hearing

the evidence, the magistrate found that the People had established all four elements for the involuntary administration of medication set forth in *People v. Medina*, 705 P.2d 961, 973 (Colo. 1985), and granted the petition.

## II.    Mootness

¶ 4      Ardeshiri challenges the magistrate's order to involuntarily medicate him with Abilify, Haldol, Ativan, Depakote, and lithium. The People assert that the appeal is moot as to the involuntary administration of Abilify, Haldol, Ativan, and Depakote.  We agree.

¶ 5      We review de novo the legal question of whether a case is moot.  *Colo. Mining Ass'n v. Urbina*, 2013 COA 155, ¶ 23.  A case is moot when a judgment would have no practical effect on an existing controversy.  *People in Interest of L.O.L.*, 197 P.3d 291, 293 (Colo. App. 2008); *see also People in Interest of Vivekanathan*, 2013 COA 143M, ¶ 14 (When a case is moot, "[a]ny decision on the merits would result in an advisory opinion, and we should not issue such opinions.").

¶ 6      After Ardeshiri filed his appeal, the parties stipulated to a new order that removed authorization for the involuntary administration of Abilify, Haldol, Ativan, and Depakote.  Upon the agreement, the

2

magistrate entered an order authorizing the involuntary administration of two antipsychotics (Clozaril and Invega), a mood stabilizer (lithium), and several side effect medications.[1] In other words, Ardeshiri's doctors are no longer authorized to administer four of the five medications at issue in this appeal.

¶ 7    Because Ardeshiri is no longer subject to the involuntary administration of Abilify, Haldol, Ativan, and Depakote, our judgment with respect to those medications would have no practical effect. *See Freedom from Religion Found., Inc. v. Romer*, 921 P.2d 84, 88 (Colo. App. 1996) ("Appellate courts will not generally render opinions on the merits of appeals when issues presented in litigation become moot because of subsequent events."). Ardeshiri does not argue that any exception to the mootness doctrine applies here. *See People in Interest of C.G.*, 2015 COA 106, ¶ 37 (describing exceptions to the mootness doctrine).

¶ 8    Instead, Ardeshiri asserts that these issues have not become moot because the magistrate lacked jurisdiction to amend its

---

[1] We may take judicial notice of the contents of court records in related proceedings. *People v. Sa'ra*, 117 P.3d 51, 56 (Colo. App. 2004).

previous order. Generally, a district court loses jurisdiction to conduct further substantive action related to the judgment on appeal when a party files a notice of appeal. *Musick v. Woznicki,* 136 P.3d 244, 246 (Colo. 2006). However, the court may still retain jurisdiction if it is authorized to do so by statute or rule. *People in Interest of K.A.,* 155 P.3d 558, 561 (Colo. App. 2006). In mental health cases, section 27-65-114, C.R.S. 2025, permits the district court to "make such order as the court may consider proper in the premises relating to the care and custody of the respondent" when the matter is pending appeal. Under this statute, although the court could not amend a previous order, it could enter a new order for the involuntary administration of medication.

¶ 9 As the magistrate observed, by adopting the parties' stipulation, the magistrate was not amending the order on appeal but, rather, issuing a new order for a narrower list of medications based on Ardeshiri's changed circumstances. We agree with the magistrate and, consequently, conclude that she acted within her authority under section 27-65-114 and had jurisdiction to do so. We therefore reject Ardeshiri's argument.

4

¶ 10    In sum, we conclude that the appeal of the magistrate's order authorizing the involuntary administration of Abilify, Haldol, Ativan, and Depakote is moot.  We therefore dismiss the appeal with respect to those medications.

### III.    Sufficiency of the Evidence

¶ 11    Having concluded that part of Ardeshiri's appeal is moot, we now address his assertion that the evidence was insufficient to support the magistrate's order authorizing the involuntary administration of lithium.  For the reasons set forth below, we conclude that sufficient evidence supports the magistrate's order.

### A.    Applicable Law and Standard of Review

¶ 12    A magistrate may order the involuntary administration of medication if the People prove by clear and convincing evidence that (1) the patient is incompetent to effectively participate in the treatment decision; (2) the treatment is necessary to prevent a significant and likely long-term deterioration in the patient's mental health condition or to prevent the likelihood of the patient causing serious harm to himself or others at the institution; (3) a less intrusive treatment alternative is not available; and (4) the patient's need for treatment is sufficiently compelling to override any bona

5

fide and legitimate interest of the patient in refusing treatment. *Medina*, 705 P.2d at 973.

¶ 13 Application of the *Medina* test involves mixed questions of fact and law. *People v. Marquardt*, 2016 CO 4, ¶ 8. We defer to the magistrate's factual findings if they have record support, but we review legal conclusions de novo. *Id.*

¶ 14 When a patient challenges the sufficiency of the evidence supporting an involuntary medication order, we must affirm if the evidence, viewed as a whole and in the light most favorable to the People, is sufficient to support the order. *People in Interest of R.K.L.*, 2016 COA 84, ¶ 13. As the fact finder, the district court determines the sufficiency, probative effect, and weight of the evidence, along with the inferences and conclusions to be drawn therefrom. *People in Interest of R.C.*, 2019 COA 99M, ¶ 7.

### B. Analysis

¶ 15 Ardeshiri contends that the People did not present sufficient evidence to establish the second *Medina* element in relation to the involuntary administration of lithium. We disagree.

¶ 16 The magistrate determined that the requested medications were necessary to prevent a significant and likely long-term

6

deterioration in Ardeshiri's mental condition. In doing so, the magistrate considered the "nature and gravity" of Ardeshiri's mental illness, as well as his prognosis without treatment, which the court described as "very, very bad." The magistrate also found that the requested medications were "essential to effective treatment," noting that the "failure to medicate" would be more harmful to Ardeshiri than the risks posed by the medications.

¶ 17   The magistrate found specifically that there was a "current need" for lithium to treat Ardeshiri's symptoms of depression. The magistrate also found that lithium had an added benefit of increasing Ardeshiri's white blood cell count, which can counteract the side effects of Clozaril. The magistrate further noted that, although Dr. Hernandez had not yet started Ardeshiri on lithium, he intended to do so in short order.

¶ 18   The evidence supports the magistrate's findings. Dr. Hernandez testified that he was treating Ardeshiri's psychosis with Clozaril and had started Invega about two weeks earlier to "augment" Ardeshiri's treatment. The doctor said that he intended to begin lithium to treat Ardeshiri's depressive symptoms "after maximizing the Invega." Dr. Hernandez reported that he needed to

address the symptoms of depression because they could be "compounded by negative symptoms of schizophrenia." He also said that lithium "has the additional benefit of increasing white cell count" and that Ardeshiri's cell count was hovering just above the lower limit.

¶ 19 Dr. Hernandez opined that, without treatment, Ardeshiri's mental illness would "gradually" and "progressively become more severe." He described the prognosis without treatment as "very, very bad" and noted that the benefits of the medications outweigh the risks associated with them. Ultimately, Dr. Hernandez opined that because Ardeshiri's symptoms would continue to "get worse over time," he needed treatment to prevent a significant and likely long-term deterioration in his mental health condition.

¶ 20 On appeal, Ardeshiri asserts that the evidence is insufficient because there was minimal evidence that he had depression. To be sure, the evidence supporting the court's finding that he needed lithium to treat his depression is limited to a brief statement by the doctor. But "[t]he testimony of the physician seeking to administer treatment may be sufficient by itself to satisfy" the *Medina* elements. *R.K.L.,* ¶ 30. And Ardeshiri's treating physician is

well-positioned to observe and determine whether Ardeshiri was displaying depression symptoms that needed to be treated with medication. We therefore conclude that the evidence is sufficient to establish that Ardeshiri needed lithium to treat symptoms of depression.

¶ 21 Ardeshiri also contends that the People did not establish that he needed lithium to prevent deterioration, considering that Dr. Hernandez would not start the administration of lithium until "maximizing" Invega. But the record shows that Ardeshiri's doctors had treated him with several different medications, some with more success than others, and had only started him on Invega two weeks before the hearing. In other words, the evidence establishes that Ardeshiri's treatment regimen continued to evolve, but that he needed the full regimen of medications to prevent deterioration. Thus, although Dr. Hernandez had not started lithium at the time of the hearing, the evidence still shows that, within the context of Ardeshiri's full treatment regimen, he needed lithium to prevent significant and likely long-term deterioration.

¶ 22 Therefore, viewed in the light most favorable to the People, we conclude that the evidence was sufficient to establish the second

*Medina* element. *See People in Interest of Strodtman*, 293 P.3d 123, 132-33 (Colo. App. 2011) (evidence that the patient was "functioning poorly upon admission" but "improved dramatically with administration" of medication supported the court's finding that the People had proved the second *Medina* element).

## IV.   Disposition

¶ 23    We dismiss the appeal with respect to the magistrate's order authorizing Abilify, Haldol, Ativan, and Depakote.  We affirm the order authorizing the involuntary administration of lithium.

JUDGE LIPINSKY and JUSTICE MARTINEZ concur.